FRED S. SPERRY v. EDWARD ALLEN.

**Verdict Failing to Assess Value of Property Replevined, Irregular in Case of Redelivery Bond Executed.**

> A verdict which does not assess the value of the property replevined, in an action in which a redelivery bond has been given, does not conform with the provisions of Sec. 12059 G. C. with reference to the redelivery bond, and the entering of judgment on such a verdict constitutes reversible error.

[Syllabus by the court.]

ERROR to common pleas court.

*Carl Norpell* and *C. N. Moore*, for plaintiff in error.

*A. A. Stasel*, for defendant in error.

**POWELL, J.**

This action was in replevin. Plaintiff in error was the owner of a judgment against B. J. Smith and M. A. Smith, and on June 10, 1910, caused an execution to be issued on said judgment to the sheriff· of this county. The sheriff levied the same upon a stock of groceries and meats in the village of Utica, Ohio, as the property of said judgment debtors. On June 13, 1910, Edward Allen, defendant in error, commenced an action

Sperry v. Allen.

in replevin against the sheriff, William Linke, and repie n ed the stock of groceries, meats, etc., from him. Shortly afterwards, Fred S. Sperry, the execution creditor, was substituted for the sheriff, and gave a redelivery bond and took possession of the goods replevined. Said bond was offered in evidence; it is attached to the bill of exceptions as an exhibit, and was given under the provisions of Sec. 12059 G. C.

The case was tried to a jury, resulting in a verdict for the defendant, Allen. A motion for a new trial was filed; a bill of exceptions was taken, embodying all the evidence, and the case is brought to this court for reversal of the judgment of the court below. Numerous errors are assigned, but the principal errors relied on are as follows:

First. Error in the exclusion of testimony offered by the defendant below, and the admission of testimony against the objection of the defendant below, now plaintiff in error.

Second. Error in the charge to the jury.

Third. Because the verdict is against the weight of the evidence.

Fourth. Because of misconduct of counsel for the plaintiff below.

We have examined the record carefully in reference to all the errors assigned, and especially in reference to the errors urged to the court and insisted upon in the argument of counsel. While there may have been error in the admission of certain testimony, as claimed by counsel for plaintiff in error, yet we think that it was not such error as would work to the prejudice of the plaintiff in error, and would not justify a reversal of the judgment. Neither do we think that the court's charge is open to serious objection, or that the same was erroneous.

It is strongly urged that the verdict of the jury is against the manifest and overwhelming weight of the evidence. We are of the opinion that while the evidence was probably open to suspicion, and was such that the jury could readily and easily have brought in a verdict for the plaintiff in error, instead of for the defendant in error, yet we think that it was such a case and the evidence was such that it was peculiarly within the province of the jury to determine. We do not think it is

so manifestly against the weight of the evidence that a review-ing court would be justified in disturbing the verdict and judg-ment of the court below.

Again, it is urged strongly that, because of the misconduct of counsel in making certain statements to the jury relative to evidence that had been adduced upon the trial, error prejudical to the rights of the plaintiff in error was committed, and that the judgment should be reversed upon this ground. While we think that counsel probably exceeded the limits of proper dis-cussion, and made statements in his argument to the jury which could not be borne out by the evidence, yet, because the partic-ular statements complained of would only go to the argument of opposite counsel, in relation to a certain book that was offered in evidence, by and with the consent of counsel for plaintiff in error, we think that this alone would not justify the court in reversing the judgment of the court below.

It is, however, assigned as error that the verdict of the jury was irregular and was not in conformity to law. The provisions of Sec. 12059 G. C., providing for the execution of a redelivery bond, provide that the same shall be conditioned that, in case the judgment be against him (the defendant below, now plain-tiff in error) he will return the property taken, or pay the value assessed, at the election of the plaintiff, and also the damages assessed for its taking, detention and injury, with costs of suit. In other words, the defendant in error would have the right, under the conditions of this bond, to demand that the property taken and returned to the defendant, Sperry, after the execution of the redelivery bond, should be returned to him after the ver-dict and judgment in his favor; and, in addition, he would have the right, under the terms of this bond, to collect whatever damages might be assessed by the jury for the taking and de-tention of such property.

The verdict of the jury in this case was as follows:

"We, the jury in this case, being duly impaneled and sworn, do find that, at the commencement of this action, the plaintiff had the right to the property in the goods and chattels in the petition described, and was entitled to the possession thereof, and we do assess his damages against the defendant,

Sperry v. Allen.

Sperry, by reason of the premises, at $665; and we do find the value of the property, at the time it was delivered by the sheriff to the defendant at the sum of ..................dollars."

It will be observed that the jury does not assess any value to the property replevined, and does assess damages against the defendant, Sperry, in the sum of $665.

We think that this verdict is not sustained, as the same is returned, by the evidence adduced. This verdict, we think, is irregular, and is not in conformity with the requirements of the statute; that, by the terms of this verdict, as applied to the re-delivery bond, the plaintiff in replevin, defendant in error, could demand from the defendant, Sperry, the goods replevined; and, in addition thereto, he could collect, as damages, the sum of $665.

We do not think that such is the meaning of the statute, and that the jury, in the return of this verdict, did not return it in compliance with the requirements of the statute, and left the matter open and uncertain.

For these reasons, and because it can not be determined from the evidence itself what the rights of the respective parties to the suit are, we think the judgment of the court of common pleas ought to be reversed, and a new trial granted.

We have examined the record in reference to all the errors assigned, and do not find any other error in the record which we think would justify a reversal of the judgment of the court below; but we do think that, considering the uncertainty of the rights of the parties, under the verdict as returned by the jury, the judgment should be reversed.

The judgment of the common pleas court is reversed. Exceptions noted. The cause will be remanded to the court of common pleas for new trial, and other proceedings according to law.

**Voorhees** and **Shields, JJ.,** concur.